Raymond MAYFIELD, Appellant,

v.

COMMONWEALTH of Kentucky on relation of Margie R. PHELPS, Appellee.

Supreme Court of Kentucky.

Oct. 29, 1976.

Rehearing Denied March 11, 1977.

Joseph G. Glass, Louisville, for appellant.

Walter J. Swyers, Jr., Louisville, for appellee.

JONES, Justice.

The question presented by this case is whether the trial court erred in refusing to render ineffective an agreement of paternity and support executed by Raymond Mayfield and Margie Phelps.

This appeal involves a judgment increasing child support payments for a child born out of wedlock to Margie Phelps.

In a paternity action in the juvenile court, Raymond and Margie entered into an agreement approved by the judge. Raymond *acknowledged paternity of the child* and agreed to pay $10.00 per week for its support. Margie agreed to "forbear continued proceedings . . . but in the event of defendant's failure to fulfill the obligations of this agreed order, plaintiff retains the right to pursue a satisfactory remedy in this action."

Margie sought to increase the award in juvenile court. The commissioner denied an increase on the basis there was no showing of changed circumstances.

Margie appealed to circuit court. The trial court ordered the award increased to $25.00 per week. From that judgment Raymond prosecutes this appeal.

Raymond contends that the agreed order of January 4, 1974 is a contract between the parties that is not subject to modification. He advances a novel argument that Margie's effort to modify the child support provision breached the agreement. He contends that such breach requires the agreement be rendered ineffective. Raymond's theory for such action is based on that part of the agreement where

Margie agreed to "forbear continued proceedings" as long as he paid the $10.00 per week.

Raymond's argument is unacceptable to this court. His theory of the case is not supported by the law. Furthermore, his contention that the formal adjudication of paternity be rendered ineffective is contrary to public policy. Raymond and Margie cannot by this agreement relinquish the rights of the child, who is not a party to the contract. In this jurisdiction, the law recognizes no distinction in the rights of children to support whether the child is legitimate of divorced parents or the illegitimate child of admitted parents. The father of a child born out of wedlock has the same duty of support as the father of a child born in wedlock. Raymond Mayfield is the admitted father of the child. He is subject to the duties in regard to her support imposed by KRS 406.011.

This court is of the opinion that the judgment should be and it is affirmed.

All concur.